■ DANIEL ALMONTE, Plaintiff, v CITIBANK NMTC CORPORATION et al., Respondents, and ABM JANITORIAL SERVICES-NORTHEAST, INC., Appellant, et al., Defendants. [54 NYS3d 8]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered February 4, 2016, which granted defendants-respondents' (collectively Citi) motion for summary judgment on their cross claim against defendant ABM Janitorial Services-Northeast, Inc. (ABM) for breach of contract to procure insurance, unanimously reversed, on the law, with costs, and the motion denied.

Citigroup Technology, Inc. (CTI) and ABM entered into a "Service Contractor Agreement," whereby ABM agreed to provide certain janitorial services for Citi. Under section 7 of the agreement, entitled "Insurance," ABM was required to obtain the insurance set forth in Exhibit C "and in a form reasonably satisfactory to CTI." Exhibit C required commercial general liability insurance with a combined single limit of no less than $3,000,000 per occurrence, and that CTI, among others, be named as an additional insured. It also required ABM to "furnish to CTI Certificate(s) of Insurance evidencing the above coverage."

ABM procured a $2,000,000 policy with a $1,000,000 self-insured retention (SIR). It also furnished to Citi's insurance agent Certificates of Liability Insurance evincing the $1,000,000 SIR. Following the commencement of plaintiff's personal injury action, which implicates the required insurance, Citi moved for summary judgment on its cross claim against ABM for breach of contract for failing to procure the required insurance, arguing that ABM impermissibly obtained the SIR.

The motion court erred in granting the motion. Although nei-

ther section 7 nor Exhibit C in the agreement mention an SIR, section 8, entitled "Indemnification," provides, in pertinent part, that "[t]he obligations set forth in this section shall remain in effect regardless of whether [ABM] maintains or fails to maintain any insurance coverage required hereunder, or self-insures for any liability, and *any self-insured coverage shall be deemed insurance coverage hereunder*" (emphasis added). Accordingly, the contract is ambiguous as to whether an SIR is a permissible form of insurance coverage. Issues of fact also exist as to whether Citi accepted the SIR or waived any objection to it, given the "reasonably satisfactory" language in section 7 of the agreement and the fact that Citi did not previously object to the SIR even though the Certificates of Liability Insurance evinced the $1,000,000 SIR. Concur—Acosta, J.P., Renwick, Mazzarelli, Gische and Gesmer, JJ.